**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JOE LOUIS SMITH,                    )
                                    )
          Petitioner,              )
                                    )
v.                                  )        **Case No. 03-CV-0092-CVE-PJC**
                                    )
LENORA JORDAN, Warden,              )
                                    )
          Respondent.              )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. #
1). Petitioner challenges his convictions for possession of controlled drug and possession of
paraphernalia entered in Tulsa County District Court, Case No. CF-99-2688. Respondent filed a
response (Dkt. # 7), and has provided the state court records necessary for adjudication of
Petitioner's claims. Petitioner filed a reply (Dkt. # 15) to Respondent's response. Also before the
Court are Petitioner's motion for appointment of counsel (Dkt. # 28), two motions for status (Dkt.
## 29, 30), a motion to supplement (Dkt. # 33), and a motion for an evidentiary hearing (Dkt. # 34).
For the reasons discussed below, the Court finds the petition, the motion for appointment of counsel
and the motion for evidentiary hearing shall be denied, the motion to supplement shall be granted,
and the motions for status shall be declared moot.

### *BACKGROUND*

In the early evening hours of May 28, 1999, Tulsa Police Officer Brian Collum was
patrolling the area of Second Street and Elgin in downtown Tulsa. A citizen flagged him down and
described a man who was carrying a weapon inside the Veteran's Bar. Based upon this information,
Officer Collum went inside the Veteran's Bar and spotted the Petitioner as the man described by the

citizen. Petitioner was standing by the front door of the bar, but walked outside after seeing the police officer. Having observed what appeared to be the butt of a handgun in Petitioner's pocket, Officer Collum followed Petitioner outside and ordered him to stop and place his hands in the air. Petitioner made movements that appeared to be toward his pocket. In response, Officer Collum drew his weapon and again asked Petitioner to raise his hands. Petitioner complied. A second police officer, Patrick Harker, arrived at the scene to assist Officer Collum. While Officer Collum was placing handcuffs on Petitioner, a cigarette package from Petitioner's left hand was dropped to the ground. The gun was removed from Petitioner's pocket and determined to be a cap gun. The cigarette package, however, contained two crack pipes and a vial containing tannish rocks, later determined to be crack cocaine.

As a result of these events, Petitioner was charged in Tulsa County District Court, Case No. CF-99-2688, with unlawful possession of controlled drug after former conviction of a felony (count 1), and unlawful possession of paraphernalia (count 2). At the conclusion of a jury trial held July 11-13, 2000, Petitioner was found guilty as charged. The trial court sentenced Petitioner in accordance with the jury's recommendation to twenty years imprisonment on count 1, and a five hundred ($500) dollar fine on count 2. The trial court ordered that the sentence on count 1 be served consecutively to Petitioner's sentence in Tulsa County District Court Case No. CF-98-3696.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals ("OCCA").  On appeal, he identified three (3) propositions of error as follows:

Proposition 1: The trial court erred in overruling the defendant's pretrial request for appointment of substitute counsel.

Proposition 2: The sentence was improperly enhanced by an out-of-state conviction.

Proposition 3: The trial court abused its discretion by deciding before trial the sentence would run consecutively.

(Dkt. # 7, Ex. A). In an unpublished summary opinion, filed October 24, 2001, in Case No. F-2000-1018, the OCCA denied each of Petitioner's claims and affirmed the Judgment and Sentence of the trial court. See Dkt. # 7, Ex. C.

On October 4, 2002, Petitioner filed an application for post conviction relief in the state district court. By Order filed on November 8, 2002, the district court denied relief. See Dkt. # 7, Ex. D. Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals (Dkt. # 7, Ex. E) on the following claims:

Proposition 1: Fundamental error occurred when the trial Judge overruled Petitioner's Motion to Dismiss the charges against him.

Proposition 2: The trial court erred in overruling Mr. Smith's Motion to Suppress Evidence.

Proposition 3: Appellate counsel was ineffective and the District Court should have granted Mr. Smith an evidentiary hearing to prove that fact.

By order filed January 17, 2003 (Dkt. # 7, Ex. F), the OCCA affirmed the district court's denial of post-conviction relief. In its order, the OCCA specifically found that appellate counsel was not ineffective. Id. at 2.

On February 4, 2003, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition Petitioner seeks habeas corpus relief on the following grounds:[1]

---

[1] The Court notes that Petitioner claims a violation of his "due process and equal protection" rights in the summary of each of his grounds. Insofar as he asserts an equal protection claim, Petitioner offers no factual or legal support, nor any type of argument on the point. Petitioner has not met his burden in establishing an equal protection violation. He has failed to demonstrate that he was a member of a suspect class or that a fundamental right was at issue for equal protection analysis. He has not established that the distinction between himself and others was not reasonably related to a legitimate state purpose. Templeman v. Gunter, 16 F.3d 367, 371 (10th Cir. 1994). This Court cannot find an equal protection violation and will deny all equal rights claims without discussion or analysis.

3

Proposition 1:  Mr. Smith's fundamental rights to due process and equal protection of the law were violated when the trial judge overruled Petitioner's motion to dismiss the charges against him.

Proposition 2:  Mr. Smith's fundamental rights to due process and equal protection of the law were violated when the trial judge overruled Petitioner's motion to dismiss the charges against him.[2]

Proposition 3:  Mr. Smith's fundamental rights to due process and equal protection of the law were violated when the trial court erred in overruling the Defendant's pretrial request for appointment of substitute counsel.

Proposition 4:  Mr. Smith's fundamental rights to due process and equal protection of the law were violated when the trial court improperly enhanced Mr. Smith's sentence by an out-of-state prior conviction.

Proposition 5:  Mr. Smith's fundamental rights to due process and equal protection of the law were violated when the trial court abused its discretion by deciding before trial the sentence would run consecutively.

Proposition 6:  Mr. Smith's rights to due process and equal protection of the law were violated by the ineffectiveness of his appellate counsel.

Proposition 7:  Mr. Smith's rights to due process and equal protection of the law were violated by Oklahoma's arbitrary and capricious appellate and post-conviction procedures.

(Dkt. # 1).  Respondent contends that the issues raised by Petitioner are either procedurally barred, not cognizable in this habeas corpus proceeding, or without merit (Dkt. # 7).

---

[2] Petitioner references the "motion to dismiss the charges" in the title of both his ground one and ground two claims. However, the ground two argument focuses on the trial judge's denial of Petitioner's motion to suppress evidence.

*ANALYSIS*

**A.**  **Exhaustion/Evidentiary Hearing**

As a preliminary matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent concedes[3] and the Court agrees that the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.  As noted by Respondent, Petitioner's seventh claim in the petition has not been presented to the state courts and is therefore unexhausted.  Although Petitioner could return to state court to raise the claim in a second post-conviction application, the Court finds it would be futile to require Petitioner to return to state court because the claim would undoubtedly be subject to imposition of a procedural bar.  Because any opportunity to obtain redress in state court would be "futile," Petitioner's seventh claim relating to the constitutionality of Oklahoma's appellate and post-conviction procedure is deemed to be exhausted for purposes of habeas corpus review.  See Coleman v. Thompson, 501 U.S. 722, 732 (1991).  Therefore, the exhaustion requirement of 28 U.S.C. § 2254(b) is satisfied in this case.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000). Petitioner's motion for an evidentiary hearing, filed on August 23, 2006 (Dkt. # 34), shall be denied.

**B.**  **Motion for appointment of counsel**

Petitioner has filed a motion for appointment of counsel (Dkt. # 28). After carefully reviewing the complexity of the factual and legal issues involved, the Court exercises its discretion

---

[3] Although Respondent raises an exhaustion question with respect to proposition seven, she acknowledges in the introduction of her response that, "Petitioner has exhausted his state court remedies for purposes of federal habeas corpus review." See Dkt. # 7 at 2, 22-25.

5

to deny Petitioner's motion for appointment of counsel.  There is no constitutional right to counsel beyond the direct appeal of a conviction.  See Swazo v. Wyoming Department of Corrections, 23 F.3d 332 (10th Cir. 1994).

**C.     Motion to supplement**

On August 7, 2006, Petitioner filed a motion to supplement his ineffective assistance of counsel claim (Dkt. # 33). In the motion, Petitioner provides an additional citation for the Court's consideration, and attaches copies of various correspondence between Petitioner and his appellate counsel. The Court finds Plaintiff's motion to supplement should be granted. The supplemental argument and materials have been considered by the Court in its decision herein.

**D.     Claims adjudicated by state courts**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 150-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of

rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In this case, the OCCA adjudicated the merits of claims 3-5 on direct appeal. The merits of claim 6 were addressed by the OCCA in its opinion denying Petitioner's appeal of the district court's post-conviction decision. Therefore, to the extent Petitioner's claims are cognizable in a federal habeas corpus proceeding or not precluded, those claims shall be reviewed pursuant to § 2254(d).

**1. Denial of request for substitute counsel (claim 3)**

As his third proposition of error Petitioner claims his constitutional rights were violated when the trial court denied Petitioner's request for new trial counsel. He claims the trial judge did not make an adequate inquiry regarding Petitioner's reasons for requesting a new attorney. The OCCA rejected the claim, citing Dixon v. Owens, 865 P.2d 1250, 1252-53 (Okla. Crim. App. 1993), in concluding that, "The decision to grant or deny a motion to dismiss or discharge court appointed counsel is within the discretion of the trial judge."  See Dkt. # 7 Ex. C at 2. Although the OCCA reached the merits of Petitioner's claim, it premised its decision on state law without specifically addressing any federal constitutional issues or federal law. A citation to federal law is not necessary, however, "so long as neither the reasoning nor the result of the state-court decision contradicts" federal law as determined by the Supreme Court. Early v. Packer, 537 U.S. 3, 8 (2002).

In the case at hand, Petitioner was represented at trial by court appointed public defender, Brian Aspen. In March, 2000, Petitioner sent a letter to the trial judge asking him to remove attorney Aspen from his case because "he is not in my best interest to help me in all my cases's [sic] (CF-98-3696, CF-99-2688, CM 99-1421)." See Dkt. # 9 at 49-51. In the letter Petitioner complains that his attorney "is not trying to get these cases[s] put behind," and he refused to try to straighten out a possible error on the docket sheet regarding the charges (id. at 49). The trial judge heard arguments

on the request to remove attorney Aspen at a motion hearing prior to trial on July 11, 2000.  The

following colloquy transpired:

| | |
|---|---|
| JUDGE: | There's a letter in the file that Mr. Smith is requesting a new lawyer or all cases dismissed; is that correct, Mr. Smith? |
| DEFENDANT: | Yes, sir. |
| JUDGE: | You have not seen this letter, Mr. Aspen? |
| ASPEN: | No, sir. If I could have one brief moment to review it. |
| JUDGE: | Sure. Anything else you want to say about this motion Mr. Aspen? |
| ASPEN: | Sir, I believe that the proper person to speak on this motion should be Mr. Smith. |
| JUDGE: | Mr. Smith, anything else you want to tell us? |
| DEFENDANT: | The motion for speedy trial? |
| JUDGE: | No. The motion to get a new lawyer. You're not satisfied, I take it. |
| DEFENDANT: | No, sir. I tried to go along with him, get him to go ahead and -- go ahead and represent me. |
| JUDGE: | I'm sorry. Tried to get him to do what? |
| DEFENDANT: | If he agreed to represent me adequately, I would keep him. He just went to trial in May on one case in Judge Gassett's courtroom and I didn't want to use him but I changed my mind. I said, Okay, if he's willing to represent me adequately, I would let him go on. And now we at this case -- and that case is not finished. We in this courtroom in this case and he's still not willing to represent me adequately because he's disregarding things I ask him to bring up, to petition to the court, and -- |
| COURT: | So you don't want him to represent you? |
| DEFENDANT: | No, sir, I don't think I want to continue. |
| JUDGE: | Do you have another lawyer, sir? |

8

DEFENDANT:        Well, when I came back on the new case --

JUDGE:            If you can answer my question.

DEFENDANT:        Not at this point in time.

JUDGE:            Well, the case is set for trial today. That's the problem, sir.

DEFENDANT:        I didn't know it was going to be set for trial. It came all at once.

JUDGE:            I have jurors downstairs waiting right now to come up here, sir. As soon as I finish the motions, I'm going to have the jury to come up and start this case.

DEFENDANT:        I request for a new attorney.

JUDGE:            You plan on hiring a lawyer?

DEFENDANT:        I'll try my best.

JUDGE:            Have you hired someone?

DEFENDANT:        At this time it's difficult to hire one in the next five minutes.

JUDGE:            The problem is this case has been pending for eight months and you haven't hired one. I'm not going to pass the case if nothing is going to change. What's different now as compared to eight months ago?

DEFENDANT:        This lawyer was leading me on, he was going to get it dismissed, this, that and the other.

JUDGE:            Well, he has gotten a couple of your cases dismissed, hasn't he? Yes? Two of your cases have been dismissed; is that right? Yes?

DEFENDANT:        Yes, sir.

JUDGE:            Okay. Now sir, if you have another lawyer to represent you right now, that's fine with me, I'll excuse Mr. Aspen and we can proceed with that lawyer; or if you want to represent yourself right now, that's fine with me and we can proceed with you being your own lawyer, but those are our options right now. Either you have another lawyer who is here and ready to go, or you represent yourself, or you use Mr. Aspen. You understand those options, sir?

9

(Dkt. # 11 at 15-17). As the hearing continued, the only additional argument offered by Petitioner to support his request for new counsel was that he was not satisfied with Mr. Aspen because he was "not adequately representing" Petitioner (id. at 20). Petitioner did not opt to represent himself, nor had he engaged the services of another lawyer to represent him. The trial judge denied Petitioner's request for a new attorney (id. at 19). Although Petitioner stated that he believed the trial court was ruling "against [his] rights" (id. at 20), the "right to counsel of choice does not extend to defendants who require counsel to be appointed  for them." United States v. Gonzalez-Lopez, 126 S.Ct. 2557, 2565 (2006); see also Wheat v. United States, 486 U.S. 153, 159 (1988). Mr. Aspen then asked to withdraw as counsel for Petitioner.  See Dkt. # 11 at 21.  Mr. Aspen argued:

> My client seems like we have an irreconcilable conflict here, sir. Part of it has to deal with that we have gone to trial in May and in this case, sir, we were convicted by a jury and we got seven years.  And now, sir, we're here today and my client at certain times, sir, does not -- won't talk to me, accuses me, probably, for working for the State. He doesn't feel, sir, that I'm adequately representing him.

Id.  The trial judge denied the request, indicating that Petitioner's possible unhappiness with what happened in a prior jury trial "has nothing to do with this particular case." See id. at 22.

"[T]o warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." Johnson v. Gibson, 169 F.3d 1239, 1254 (10th Cir. 1999) (quoting United States v. Padilla, 819 F.2d 952, 955 (10th Cir. 1987)). The trial judge did not find that the general arguments presented by Petitioner and his counsel warranted a substitution of counsel. A complaint that counsel is "not willing to represent me adequately because he's disregarding things I ask him to bring up" does not sufficiently describe a conflict of interest, complete breakdown of communication or an irreconcilable conflict. Although Petitioner complains

10

that the trial judge did not conduct an adequate inquiry into Petitioner's reasons for wanting new counsel, the Court notes that the judge asked him, "Mr. Smith, anything else you want to tell us?" See Dkt. # 11 at 15. Petitioner initially responded, "No, sir. I tried to go along with him, get him to go ahead and -- go ahead and represent me." He continued, "If he agreed to represent me adequately, I would keep him." His explanation provided little detail other than a statement that the attorney was not willing to represent Petitioner adequately. Id. at 15-16. This Court finds that the trial judge gave Petitioner an opportunity to explain his reasons for wanting new counsel, but Petitioner did not provide sufficient detail to require the appointment of new counsel. The OCCA's finding that the trial court did not abuse its discretion in denying the requests for substitution of counsel was not contrary to, or an unreasonable application of, clearly established federal law.  Petitioner's request for habeas corpus relief on this claim shall be denied.

### 2. Improper enhancement (claim 4)

In his fourth claim Petitioner asserts that his due process rights were violated when the trial court allowed a prior conviction from Pennsylvania to be used for sentencing enhancement. Petitioner contends that the Pennsylvania conviction was for the crime of "aggravated assault," a misdemeanor under Oklahoma law.  The OCCA rejected this claim, citing Okla. Stat. tit. 22, § 54 (1991); Okla. Stat. tit. 21, § 645 (Supp. 1995); 18 Pa.C.S. § 2702(A)(4); and Fischer v. State, 483 P.2d 1165, 1168 (Okla. Crim. App. 1971), and finding that, "[t]he record demonstrates the Pennsylvania conviction would have been punishable as a felony if it were committed in this State." (Dkt. # 7, Ex. C).

Respondent argues that this claim is not cognizable on federal habeas corpus review because it does not concern federal law.  The Court agrees with Respondent.  "[I]t is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions.  In conducting

habeas review, a federal court is limited to deciding whether a conviction violated the Constitution,

laws, or treaties of the United States."   Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).   A

misapplication of state law cannot support federal habeas relief. Issues of enhancement are matters

of state law and are not cognizable in a federal habeas proceeding. Shafer v. Stratton, 906 F.2d 506,

510 (10th Cir. 1990). Accordingly, Petitioner's improper enhancement claim is not cognizable in

this federal habeas corpus proceeding and shall be denied on that basis.

### 3. Abuse of discretion by trial judge (claim 5)

Petitioner alleges in his fifth claim that the trial judge violated Petitioner's constitutional

rights by deciding before the trial that any sentence imposed would run consecutively with a

sentence imposed in an earlier jury trial. Relying on its previous decision in Cleary v. State, 942

P.3d 736, 748 (Okla. Crim. App. 1997), the OCCA rejected this claim on direct appeal finding that,

"[T]he decision to run a sentence consecutively or concurrently rests within the discretion of the trial

judge."  See Dkt. # 7, Ex. C at 2.

At the core of Petitioner's claim is his argument that the trial judge announced how he would

impose punishment without hearing any evidence. He claims it was an abuse of discretion for the

trial judge to decide prior to sentencing that the sentence in Case No. CF-99-2688 would run

consecutively to a sentence already imposed in Case No. CF-98-3696. The OCCA addressed this

argument on direct appeal, finding:

> The record does not demonstrate the trial court prevented Appellant from presenting
> evidence at sentencing nor does it show the trial court took any action without proper
> consideration of the facts and the law pertaining to the matter. Accordingly, we find the trial
> court did not abuse its discretion by ordering Appellant's sentence for Count 1 to run
> consecutively to the sentence imposed in Oklahoma [sic] County District Court, Case No.
> CF-98-3696.

12

See Dkt. # 7, Ex. C at 2-3. Petitioner has not established that the OCCA's decision was contrary to or an unreasonable application of Supreme Court law, or that it was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### 4. Ineffective assistance of appellate counsel (claim 6)

In claim six, Petitioner asserts that his appellate counsel was ineffective for failing to raise the issues of erroneous trial court rulings on his motion to dismiss and motion to suppress. It appears that Petitioner first raised an ineffective assistance of appellate counsel claim in his post-conviction appeal (Dkt. # 7, Ex. E). The OCCA held:

> Petitioner argues he was denied effective assistance of appellate counsel because appellate counsel did not raise the first two issues set out above on direct appeal. Failure to raise each and every issue is not determinative of ineffective assistance of counsel and counsel is not required to advance every cause or argument regardless of merit. *See Cartwright v. State*, 1985 OK CR 136, ¶¶ 6-8, 708 P.2d 592. The record does not support Petitioner's contention he was denied effective assistance of appellate counsel.

(Dkt. # 7, Ex. F at 2). Although the appellate court denied Petitioner's ineffective assistance claim on the merits, there is a fundamental deficiency in the OCCA's analysis. In Cargle v. Mullin, 317 F.3d 1196, 1202 (10th Cir. 2003), the Tenth Circuit explained that it is difficult to show deficient performance based on counsel's failure to raise a particular issue. Thus, the merits of the omitted issue must be examined. Id.; see also Malicoat v. Mullin, 426 F.3d 1241, 1248 (10th Cir. 2005). "[B]ecause the OCCA's analysis of petitioner's ineffectiveness allegations deviated from the controlling federal standard, it is not entitled to deference" on habeas review. Cargle, 317 F.3d at 1205; see also Malicoat, 426 F.3d at 1249. Accordingly, this Court will examine *de novo* the merits of Petitioner's ineffective assistance of counsel claim.

13

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court defined the two-pronged standard applicable to ineffective assistance of counsel claims. In order to prevail, Petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced his defense. <u>Strickland</u>, 466 U.S. at 687; <u>Hickman v. Spears</u>, 160 F.3d 1269, 1273 (10th Cir. 1998). To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1365 (10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not be predicated on the distorting effects of hindsight." <u>Id.</u> (citations omitted). Additionally, the focus of the first prong is "not what is prudent or appropriate, but only what is constitutionally compelled." <u>Id.</u> To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." <u>Strickland</u>, 466 U.S. at 694. Petitioner has the burden of demonstrating prejudice. <u>Id.</u> at 696. Failure to establish either prong of the <u>Strickland</u> standard will result in denial of relief. <u>Id.</u>; <u>Hatch v. Oklahoma</u>, 58 F.3d 1447, 1457 (10th Cir.1995).

In assessing an ineffective assistance of appellate counsel claim, the Tenth Circuit Court of Appeals has held that "the relevant questions are whether appellate counsel was 'objectively unreasonable' in failing to raise these . . . claims on direct appeal and, if so, whether there is a 'reasonable probability that, but for his counsel's unreasonable failure' to raise these claims, [Petitioner] 'would have prevailed on his appeal.'" <u>Neill v. Gibson</u>, 278 F.3d 1044, 1057 (10th Cir.

2001). This Court will examine the merits of the omitted claims to determine if appellate counsel was objectively unreasonable in failing to raise them on direct appeal.

Petitioner contends that his appellate counsel was ineffective for failing to raise an issue that the trial court erroneously denied Petitioner's motion to dismiss the charge and motion to suppress. In other words, his Sixth Amendment ineffective assistance of counsel claim is founded on the omission of Fourth Amendment issues on appeal. In order to succeed on his claim of ineffective assistance of appellate counsel, Petitioner must first show that his Fourth Amendment claims are meritorious.  See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

In this case, Petitioner's trial attorney filed a motion to quash and suppress on the grounds that the search of Petitioner's person was illegal, and any evidence introduced as a result of that search should be suppressed. See Dkt. # 9 at 16. The trial judge conducted a hearing on the motion (Dkt. # 11 at 4-7). Based upon his review of the preliminary hearing transcript and arguments of counsel at the hearing, the trial judge determined that there was probable cause for the detention of Petitioner and that, once Petitioner dropped the cigarette pack containing cocaine, he had abandoned the property. Id. at 7. The trial court overruled Petitioner's motion to quash, suppress and/or dismiss. Id.

Consistent with the Fourth Amendment, a police officer may detain a person if the officer has reasonable suspicion that the person has committed, or is about to commit, a crime. Terry v. Ohio, 392 U.S. 1 (1968); Adams v. Williams, 407 U.S. 143 (1972); Brown v. Texas, 433 U.S. 47 (1979).  In the present case, it is clear that Officer Collum had a reasonable suspicion that Petitioner was illegally carrying a firearm in an establishment that served liquor. The officer had been given a tip that a man inside the Veteran's Bar had a weapon (Dkt. # 12 at 70-71). Officer Collum entered

15

the bar and saw Petitioner exit the bar with what appeared to be the butt of a handgun in his right front pocket (id. at 73). Officer Collum testified that he followed Petitioner outside and ordered him to raise his hands in the air. Petitioner did not comply with the officer's initial commands and started making movements toward the weapon in his pocket (id. at 74). The officer then drew his weapon and Petitioner raised his hands in the air (id.).  Hence, the initial stopping of Petitioner was not unlawful and not in contravention of the Fourth Amendment.

Petitioner also believes that his appellate counsel was ineffective for failing to challenge the trial court's denial of his motion to suppress evidence of the items which fell out of the cigarette pack. At the hearing on the motion, the trial judge ruled that once the Petitioner dropped the cigarette package containing the cocaine and drug paraphernalia he had "abandoned the property, and therefore, has no standing to object to it being searched." See Dkt. # 11 at 7. At trial, Officer Collum testified as follows:

Q:   Okay. And what happened when you attempted to handcuff him?

A:   I grabbed his left hand, attempted to put a handcuff on it. He started kind of struggling like he didn't want to be handcuffed. As I was -- I pulled his left hand down and placed the handcuff on his left hand, he dropped a pack of cigarettes on the ground.

Q:   Did you see that pack of cigarettes before he had placed his hands up on the wall?

A:   When he first -- when he was walking away from me, when he turned to the right, I could tell he had a pack of cigarettes in his left hand.

. . .

Q:   Sir, after he dropped the cigarette pack, what happened?

A:   He dropped the cigarette pack, I heard some glass breakage. I then placed handcuffs on him and I looked down. The top of the cigarette pack had come open and a glass tube had fallen out onto the ground and it broke.

16

Dkt. # 12 at 75-6, 78.  All of this occurred before Officer Collum and Officer Harker removed the gun from Petitioner's right pocket and discovered it was a cap gun.  Id. at 107.

The Tenth Circuit has found, in similar circumstances, that the act by a defendant of "dropping the vial, or attempting to drop the vial, is consistent with abandonment." U.S. v. Trimble, 986 F.2d 394, 397 (10th Cir. 1993). "Where a person abandons an object, he loses his reasonable expectation of privacy and there is no search where there is no reasonable expectation of privacy." Id. Thus, Petitioner's Fourth Amendment rights were not violated when the officer retrieved the cigarette pack and determined it contained illegal drugs and drug paraphernalia.  This Court finds no error in the ruling of the trial court on Petitioner's motion to dismiss and motion to quash. Accordingly, appellate counsel was not ineffective for failing to challenge the trial court's ruling on appeal. Having found no merit in the underlying claims omitted by appellate counsel, Petitioner's claim of ineffective assistance of appellate counsel claim must fail.

**E.     Procedural Bar (Claims 1 and 2)**

Petitioner asserts two (2) claims which were first raised in his state post-conviction proceedings. He claims in ground one that the trial judge erred when he overruled Petitioner's motion to dismiss the charges against him. In ground two, he argues that the trial judge erred when he overruled Petitioner's motion to suppress evidence. Those claims were denied by the state district court.  Dkt. # 7, Ex. D at 6. The state court found the issues were procedurally barred because they were not raised on direct appeal. Id. The OCCA affirmed the state district court's denial of post-conviction relief.  Dkt. # 7, Ex. F.

In response to the petition, Respondent asserts that this Court should uphold the procedural bar imposed by the OCCA as to Petitioner's first and second claims. The Court agrees with

17

Respondent that those claims are procedurally barred. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds. <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." <u>Maes v. Thomas</u>, 46 F.3d 979, 985 (10th Cir. 1995). A finding of procedural default is an "adequate" state ground if it has been applied evenhandedly "in the vast majority of cases." <u>Id.</u> (quoting <u>Andrews v. Deland</u>, 943 F.2d 1162, 1190 (10th Cir. 1991)). Accordingly, the Court finds that the bar imposed by the OCCA on Petitioner's first and second claims was based on independent state law grounds adequate to preclude federal review.

Because of the procedural default of Petitioner's first two claims in state court, this Court may not consider those claims unless Petitioner is able to show cause and prejudice for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. <u>See</u> <u>Coleman</u>, 501 U.S. at 750. The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. <u>Id.</u> As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." <u>United States v. Frady</u>, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991).

In reply to Respondent's procedural bar argument, Petitioner simply argues the merits of the underlying issues in claims one and two. <u>See</u> Dkt. # 15. As discussed in section D(4) above, the

18

underlying Fourth Amendment issues in claims one and two fail on the merits. Further, to the extent Petitioner argues that ineffective assistance of appellate counsel should excuse the procedural bar, this Court has found that Petitioner's appellate counsel was not ineffective for failing to raise the issues.

Next, Petitioner argues that his default should be excused because of his "absolute factual innocence." See Dkt. # 15 at 31. The fundamental miscarriage of justice exception to the doctrine of procedural bar is applicable when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). However, under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Id. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Petitioner in this case simply asserts actual innocence without presenting new evidence or argument. Petitioner's unsupported assertion of innocence is insufficient for overcoming the procedural bar applicable to the claims raised in his petition. Therefore, the Court finds that Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the procedural bar doctrine.

As a result of Petitioner's failure to demonstrate either "cause and prejudice" or that a fundamental miscarriage of justice would occur if his claims are not considered, this Court is procedurally barred from considering Petitioner's first and second claims.

**F.     Oklahoma's appellate and post-conviction procedures (claim 7)**

In his seventh claim, Petitioner argues that his constitutional rights were violated "by Oklahoma's arbitrary and capricious appellate and post-conviction procedures." See Dkt. # 1 at 19. Respondent argues that Petitioner's seventh claim is procedurally barred as it has not been presented to the state courts and it would be futile for him to return to state court to present the claim. The Court agrees. Further, the allegations of constitutional error Petitioner raises in this claim focus only on the State's post-conviction and appellate procedures and the state court's application of the doctrines of procedural bar and waiver in post-conviction and appellate proceedings.   It is "not the province of the federal habeas court to reexamine state-court determination of state-law questions." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Petitioner does not raise appropriate habeas corpus issues related to the judgment which provides the basis for his incarceration. Such challenges are not cognizable as independent claims in federal habeas corpus actions. Phillips v. Ferguson, 182 F.3d 769, 772 (10th Cir. 1999);   Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998); Montgomery v. Meloy, 90 F.3d 1200 (7th Cir. 1996). Thus, habeas relief is not available for the assertions raised by Petitioner in his seventh claim.

**G.     Motions for Status**

On October 11, 2005, Petitioner filed a "Request for Status Information" (Dkt. # 29). On January 6, 2006, Petitioner filed a "Request for Status Information on: Motion for Appointment of Counsel" (Dkt. # 30). In light of the disposition in this Order of Petitioner's motion for appointment of counsel and request for habeas corpus relief, his motions for status shall be declared moot.

*CONCLUSION*

After careful review of the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

(1)     Petitioner's petition for writ of habeas corpus (Dkt. # 1) is **denied**.

(2)     Petitioner's motion for appointment of counsel (Dkt. # 28) is **denied.**

(3)     Petitioner's motions for status (Dkt. ## 29, 30) are **declared moot.**

(4)     Petitioner's motion to supplement (Dkt. # 33) is **granted.**

(5)     Petitioner's motion for evidentiary hearing (Dkt. # 34) is **denied**.

(6)     This is a final order terminating this action.

**DATED** this 26th day of September, 2006.

_Claire V. Eagan_
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

21